UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:24-CR-00269-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DEMORION BAKER (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### Memorandum Order

A *Garcia* hearing was held in this matter on August 6, 2025. At that time, the undersigned did not immediately exclude counsel from representing Defendant Demorion Baker, noting that there was clearly a potential conflict, but that the Court was not sure whether an actual conflict was presented. However, counsel were informed that the Court would review the conflict and issue a decision if necessary. Having reviewed the applicable case law and having considered the facts, evidence, and arguments presented, for the following reasons, the undersigned finds that, under Fifth Circuit precedent, counsel has a current actual conflict and cannot proceed with representation of both Demorion and Andrial Baker.

### Factual Background

Defendant Demorion Baker is charged with the following counts in the Superseding Indictment: Possession with Intent to Distribute Cocaine (Count 1); Possession with Intent to Distribute Methamphetamine (Count 2); Possession with Intent to Distribute Base Cocaine (Crack) (Count 3); Possession with Intent to Distribute Schedule IV, Alprazolam (Count 4); Possession with Intent to Distribute Marijuana (Count 5); Possession of Firearms in Furtherance of Drug Trafficking (Count 6); Possession with Intent to Distribute Cocaine (Count 7) ; and

Possession of Firearms in Furtherance of Drug Trafficking (Count 8).  The Government alleges that Demorion Baker was distributing from 304 Morton Street, Monroe, Louisiana, and that evidence related to six of his charged counts was obtained from that address.

Additionally, two of Defendant's charged offenses (Possession with intent to Distribute Cocaine and Possession of Firearms in Furtherance of Drug Trafficking) relate to activities at 600 Marx Street, Monroe, Louisiana.

The Government was informed by Catherine Semmes, who is both an Assistant District Attorney for the Fourth Judicial District and a Special Assistant United States Attorney, that defense counsel might have a conflict in this case.  On July 29, 2025, Defendant's counsel contacted Assistant United States Attorney Sam Crichton and also informed him of a possible conflict of interest.

On July 30, 2025, the Government filed a Motion for a *Garcia* Hearing [doc. #71].  The undersigned set it for hearing on August 6, 2025, and further ordered that Defendant should file a written response, if he wished to do so, by that same date.  In its Motion for a *Garcia* Hearing, the Government asserts that a conflict arises primarily from Defendant's alleged activities at 600 Marx Street.  Defendant did not file a response.

The hearing was held, and at that time, the Government presented the bases for its concerns.  Defendant was represented by counsel Brennan and Bobby Manning, who explained their position and offered the written, signed waivers executed by both Baker brothers (as well as others whom the Mannings also represent in state court) which were received into evidence.  The Court also inquired of Defendant, who stated that he understood the conflict and waived it, so that the Mannings could continued to represent him.

While it was clear that a potential conflict was present, the undersigned wished to review the Fifth Circuit case law before making a final decision. Therefore, the Court did not immediately exclude the Mannings' representation, but did indicate that a review would be undertaken, and a decision would issue if necessary.

**Analysis**

The Sixth Amendment grants criminal defendants the right to "assistance of counsel for [their] defense." U.S. CONST. amend. VI. Assistance of counsel includes the right to select an attorney of one's choosing. *United States v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2017) (citation omitted). "The representation to which a defendant is entitled under the Sixth Amendment of the Constitution must be free from any conflict of interest." *United States v. Burns*, 526 F.3d 852, 856 (5th Cir. 2008) (quotation omitted). While the Fifth Circuit recognizes a presumption that a defendant is entitled to counsel of choice, that presumption may be rebutted by a showing of actual or potential serious conflicts of interest. *United States v. Jackson*, 805 F.3d 200, 202 (5th Cir. 2015).

"To establish a Sixth Amendment violation on the basis of a conflict of interest the defendant must demonstrate: (1) that his counsel acted under the influence of an actual conflict; and (2) that the conflict adversely affected his performance at trial." *Burns*, 526 F.3d at 856. A defendant may choose to proceed with counsel who has such a conflict if, following a *Garcia* hearing, the defendant validly waives his constitutional right to conflict-free representation. *United States v. Brown*, 553 F.3d 768, 799 (5th Cir. 2008). In a *Garcia* hearing, the district court must "ensure that the defendant (1) is aware that a conflict of interest exists; (2) realizes the potential hazards to his defense by continuing with such counsel under the onus of a conflict; and (3) is aware of his right to obtain other counsel." *United States v. Garcia-Jasso*, 472 F.3d 239,

243 (5th Cir. 2006). However, "'[a] district court need only conduct a *Garcia* hearing if there is an actual conflict of interest.'" *United States v. Miranda*, No. 21-51156, 2025 WL 457317, at *2 (5th Cir. Feb. 11, 2025) (quoting *Garcia-Jasso*, 472 F.3d at 243) (other citations omitted). Courts consider first "whether there was an actual conflict of interest; if so, whether [the defendant] did in fact freely and validly waive [his or her] right to a representation by a conflict-free attorney; and if that too is so, **whether the conflict is nevertheless so severe as to be unwaivable as a matter of law.**" *United States v. Rico*, 51 F.3d 495, 508 (5th Cir. 1995) (emphasis added).

"Only if counsel had to choose between 'the divergent or competing interests of a former or current client' is there an actual conflict." *Burns*, 526 F.3d at 856 (quotation and quotation marks omitted). "'[W]hen defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client,'" an actual conflict exists. *Garcia-Jasso*, 472 F.3d at 243 (quoting *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000)). This question is fact sensitive, and "[w]hether a conflict of interest exists depends on a number of factors, including, but not limited to, whether the attorney has confidential information that is helpful to one client but harmful to another; whether and how closely the subject matter of the multiple representations is related; how close in time the multiple representations are related; and whether the prior representation has been unambiguously terminated." *Miranda*, 2025 WL 457317, at *3 (quotation omitted). Joint representation does not necessarily create a conflict of interest. *Rico*, 51 F.3d at 508. "An actual conflict exists if counsel's introduction of probative evidence or plausible arguments that would significantly benefit one defendant would damage the defense of another defendant whom the same counsel is representing." *Id.* at 509 (quotation and quotation

4

marks omitted). Ultimately, "[t]here must be an 'actual conflict and not 'a speculative or potential' conflict." *Miranda*, 2025 WL 457317, at *3 (quoting *Burns*, 526 F.3d at 856).

As with many other rights, the right to a conflict-free counsel is not absolute. *Rico*, 51 F.3d at 508. "It can be waived if (1) the waiver is made voluntarily, knowingly, and intelligently, and (2) the conflict is not so severe as to undermine the integrity of the judicial system." *Id.* "'Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *United States v. Newell*, 315 F.3d 510, 519 (5th Cir. 2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). In other words, such a waiver must constitute an intentional relinquishment or abandonment of a known right or privilege. *Id.* (quotation and quotation marks omitted).

"If the conflict is so severe as to render a trial inherently unfair, then the integrity of the judicial system has been undermined, and the accused has been deprived of [his or her] right to effective assistance of counsel." *United States v. Vaquero*, 997 F.2d 78, 90 (5th Cir. 1993). "[Courts] determine whether the integrity of the judicial system has been undermined by reference to the current national standards of legal ethics," although such standards are not controlling. *Id.* at 90-91. "The ABA Model Rules of Professional Conduct provide that an attorney may not represent a client whose interests are adverse to those of another client . . . unless the attorney reasonably believes that the new client's representation will not be affected, and [both clients consent] after having the conflict explained to [them]." *Id.* at 91 (citation omitted).

A waiver "is not sufficient to remedy constitutional infirmity because the courts are obligated to conduct proceedings within the ethical standards of the profession and . . . appear

5

fair." *Jackson*, 805 F.3d at 203 (quotation and quotation marks omitted). "[W]here a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver, and insist that defendant be separately represented." *Wheat v. United States*, 486 U.S. 153, 162 (1988).

In this case, Mr. Crichton articulated in his motion that, on July 30, 2025, he contacted Defendant's counsel to clarify his representation of various parties and further contacted local prosecutors to identify any overlap. As a result he learned of the following:

- (1) Two of Defendant's eight federal charges stem from an arrest at a home at 600 Marx Street.
- (2) At the time of his arrest, Defendant appeared to be residing at the residence with his brother, Andrial Baker.
- (3) The residence at 600 Marx Street was being rented by Andrial Baker's girlfriend.
- (4) Narcotics (cocaine) and a firearm were found in the room where Defendant was allegedly sleeping. Large, distribution quantities of marijuana were also found in the home.
- (5) Andrial Baker was arrested on state charges for the marijuana that was found in the home.
- (6) In addition to their respective state and federal charges, both Andrial Baker and Defendant have been charged in State Court for RICO-related criminal conduct. The RICO charges potentially overlap with the distribution of narcotics at the two homes in that they might constitute component parts of a larger criminal organization.

     • (7)  The Manning Firm represents both Andrial Baker (State marijuana and RICO charges) and Defendant (federal charges).

Additionally, at the *Garcia* hearing, Mr. Crichton further articulated the Government's concerns. Specifically, he explained that with regard to the Marx Street property, Andrial Baker has currently denied that the drugs, other than the marijuana, belong to him.  However, at trial in this matter, Defendant will presumably deny that the cocaine and firearm belonged to him, thus shifting blame to his brother and/or his girlfriend.  Even if Defendant does not call his brother as a witness, the Government does have the right to call him to establish who was renting the home, what bedroom Defendant used, etc.  Even if Andrial Baker chooses to invoke his Fifth Amendment rights, Mr. Crichton contends that Brennan and Bobby Manning would be in the position of stepping from counsel table where they represent Defendant and stepping over to the witness stand to represent his brother.  Further, there is an unavoidable conflict if the brothers choose to point the finger at each other.

     Mr. Brennan Manning, speaking on behalf of himself and his father, Bobby Manning, who was also present, made clear to the Court that he did not believe that there would be a conflict and that he had obtained written waivers from all jointly represented clients.  [doc. #s 74, 75 & 76].  The Court also explained to Defendant the potential conflict, noted that he had been able to hear all that Mr. Crichton presented, and explained that he was entitled to counsel who did not have a conflict.  However, Defendant stated multiple times that he wished to waive any conflict and proceed with representation by the Manning Law Firm.

     The undersigned has carefully considered the evidence, the facts, and the Fifth Circuit precedent.  It is clear that Defendant understands that there is a conflict and wishes to waive that conflict, and the undersigned is cognizant of his Sixth Amendment right to counsel of his choice.

However, that presumption has been rebutted by the Government. At the very least there are potential serious conflicts of interest, which are likely to arise during trial. As Mr. Crichton pointed out, that places the Court in the untenable situation of awaiting trial and then having to declare a mistrial if Andrial Baker takes the stand. The undersigned does not take Defendant's rights lightly and is loathe to exclude counsel, but given the allegations in this case, the likely conflicting positions of the brothers, and the Manning Firm's duties to both clients, the Court finds that they cannot represent both brothers. Accordingly, if the Manning Firm continues to represent Andrial Baker, they are excluded from representing Defendant.

Therefore,

IT IS ORDERED that no later than the close of business on Thursday, August 14, 2025, the Manning Firm must notify the Court in writing whether they have withdrawn from representation of Mr. Andrial Baker and will remain enrolled in this case **or** if they are withdrawing from representation of Defendant, thereby necessitating a continuance of the August 25th trial date.

THUS DONE in Chambers on this 11th day of August, 2025.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE